UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SANDEAR McFARLAND                              CIVIL ACTION

VERSUS                                         NO: 14-0407

OFFICE OF RISK MANAGEMENT, ET                  SECTION: "A" (4)
AL.

## ORDER

The following motion is before the Court: **Motion to Dismiss (Rec. Doc. 19)** filed
by defendants Office of Risk Management, Disaster Recovery Unit, and the Hazard
Mitigation Grant Program. Plaintiff Sandear McFarland opposes the motion. The motion is
before the Court on the briefs without oral argument.

## I.    BACKGROUND

As a result of damage caused by Hurricane Katrina, plaintiff Sandear McFarland
received funds through the Louisiana Disaster Recovery Unit / Hazard Mitigation Grant
Program (DRU / HMGP) to repair his residence. (Rec. Doc. 1, at 2). He alleges that he
entered into a contract with DRU / HMGP and Bridges Builders Construction and Shoring,
LLC ("Bridges Construction") to have his home raised and repaired. *Id.* Plaintiff claims that
Bridges Construction and Earin Bridges failed to perform under the contract, made false
representations to influence him to enter into the contract, and damaged his home through
substandard electrical work, substandard plumbing work, and numerous other
undertakings. *Id.* at 2-4. He alleges that DRU / HMGP, despite having a duty to monitor and
evaluate the work done by contractors, approved the "methodology and operation" of
Bridges Construction and failed to take corrective action even with knowledge of the
substandard work. *Id.* at 4. He contends that the defendants "acted in concert in their
negligen[t] conduct causing him monetary harm [] and loss of use of his property [in]

allowing safety and health hazards to exist." *Id.*

He further alleges that employees of HMGP "arbitrarily and capriciously" withheld information about whom Plaintiff should contact "to rectify his problems with the contractor," "threaten[ed] to put him in recovery status," and reduced and then withheld the grant award on the basis of noncompliance. (Rec. Doc. 17, at 2). He contends that the state benefitted from unjust enrichment by imposing fines against him as a result of these issues. *Id.* at 3.

Plaintiff states his claims as violations under the Fourteenth Amendment, 42 U.S.C. § § 1983 and 1985, and state law. He asks this Court to award him compensatory and punitive damages.

Defendants move for dismissal under 12(b)(1), (2), (4), (5), and (6).[1] They argue that DRU, HMGP, and the Office of Risk Management ("ORM") lack the juridical capacity to be sued. In the alternative, they argue that Plaintiff has failed to properly serve them. The motion is set for submission on January 14, 2015. No trial date is set at this time.

## III.   DISCUSSION

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements,

---

[1] This is the state defendants' second time moving for dismissal. Plaintiff initially filed his Complaint *pro se*. The state defendants' first motion to dismiss was dismissed as moot following Plaintiff's moving to enroll counsel and to amend his Complaint. (Rec. Doc. 16).

do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

Defendants Office of Risk Management, Disaster Recovery Unit, and the Hazard Mitigation Grant Program are state agencies.[2] *See, e.g., Lumpkins v. Office of Community Development*, no. 13-6646, 2014 WL 4792188, at *3 (E.D. La. Sept. 24, 2014) ("The Office of Community Development / Louisiana Economic Development & Disaster Recovery Unit, and the Small Rental Property and Hazard Mitigation Program are departments and agencies of the State of Louisiana."); *Price v. Law Firm of Edwin Shorty, Jr.*, no. 14-1832, 2014 WL 7240157, at *1-2 (E.D. La. Dec. 18, 2014) (same as to the Louisiana Office of Risk Management).  As such, these defendants do not qualify as persons for purposes of §§ 1983 and 1985 and thus are not amenable to suit for claims brought pursuant to those statutes.[3] *See Adams v. Recov. Sch. Dist.*, 463 Fed. Appx. 297, 298 n.5 (5th Cir. 2012) (unpublished) (citing *Will*, 491 U.S. at 64); *Menard v. Bd. of Trustees of Loyola Univ. of New Orleans*, No. Civ.A. 03-2199, 2004 WL 856641, at *5 (E.D. La. April 19, 2004) (citing cases from several circuits for support that branches of the state are not "persons" for purposes of § 1985).  Further, Eleventh Amendment immunity shields the state defendants from litigation of the

---

[2] Although not named as a party, Plaintiff's Amended Complaint mentions the Louisiana Office of Community Development. (Rec. Doc. 17, at 2-3). Any claims against this office, even if properly named, would be dismissed for the same reasons that follow for those claims against the ORM, DRU, and HMGP.

[3] Section 1983, entitled Civil Action for Deprivation of Rights, states:

> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C.A. § 1983 (2012) (emphasis added).

federal claims brought in this Court. *See United Carolina Bank v. Bd. of Regents of Stephen F. Austin Univ.*, 665 F.2d 553, 556-557 (5th Cir. 1982).[4] Thus, the claims against the Office of Risk Management, the Disaster Recovery Unit, and the Hazard Mitigation Grant Program must be dismissed.

Plaintiff does not name any individuals from any state agency as a party to this suit. However, Plaintiff in his Amended Complaint alleges that "Seth Magden and Roland Spano, Jr.[,] after he reported the non-compliance concerns to them, started sending him correspondence of non-compliance threatening to put him in recovery status." (Rec. Doc. 17, at 2). He also claims that "Pat Forbes in her capacity as Executive Director is responsible for the administration of the Hazard Mitigation Grant Program[] and conduct of its employees." *Id.* It appears that Plaintiff does hope to join these parties to the suit as counsel for Plaintiff states in his opposition to the motion to dismiss that in the Amended Complaint "[an] allegation was asserted against an officer and employees of the state, but joinder as indispensable parties pursuant to FRCP Rule 19(a) was inadvertently omitted." (Rec. Doc. 22-1, at 2).

The Court finds no merit in the contention that these individuals must be joined as indispensable parties. In pertinent part, F.R.C.P. Rule 19 states that:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter shall be joined as a party in the

---

[4] Plaintiff cites La. Const. art. XII, §10 and La. R.S. § 13:5101 in an attempt to argue that the state has waived its immunity to the claims presented. (Rec. Doc. 22-1, at 3-4). A state's waiver of its Eleventh Amendment immunity as to federal claims must be "'unequivocally expressed.'" *Magnolia Venture Capital Corp. v. Prudential Securities, Inc.*, 151 F.3d 439, 443-44 (5th Cir. 1998) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984)). Neither the constitutional provision nor the statutory provision evidence such a waiver. La. Const. art. XII, §10; La. R.S. § 13:5101. The "Limitations" statute in that same statutory scheme makes clear just the opposite. La. R.S. § 13:5106 ("No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."). The Court expresses no opinion on the distinct concept of waiver of common law sovereign immunity. *See Magnolia Venture Capital Corp.*, 151 F.3d at 443 (citations omitted).

action if:
(1) in the person's absence complete relief cannot be accorded among those already parties, or
(2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any one of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been joined, the court shall order that the person be made a party.

Fed. R. Civ. P. 19.

The Court can discern no basis on which these individuals would be indispensable parties. First, claims against these individuals in their official capacity are a claim against the state / state agencies, which have already been made parties to this suit. *Kentucy v. Graham*, 473 U.S. 159, 165-66 (1985) .[5] Second, while Plaintiff makes some factual allegations concerning these individuals, he does not actually state a claim of wrongdoing against them. He accuses Seth Magden and Roland Spano, Jr.[6] of "threatening to put him in recovery status." (Rec. Doc. 17, at 2). While this might certainly be disreputable behavior where unwarranted, it constitutes no grounds for an action in this Court. Additionally, the allegations attribute no individual conduct to Pat Forbes.[7] As no claim is made against these individuals and their connection to the present suit is in no other way alleged or explained,

---

[5] The Court also notes that claims against these individuals in their official capacities would be barred on the grounds of Eleventh Amendment immunity. *Id.* at 167.

[6] It is not clear from the allegations whether these individuals are employed by any state agency. Even if they were not, there has been no allegation of legally cognizable wrongdoing asserted against them, and the Court would still conclude that they are not indispensable parties.

[7]  It appears that the allegation against Pat Forbes is limited to her official capacity, as it states "in her capacity as Executive Director" and does not mention any individual conduct on her behalf. Even if a claim was brought against her in her individual capacity on the basis that she was "responsible for the . . . conduct of [HMGP's] employees," there is no claim for liability via a theory of respondeat superior via § 1983. *See Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987).

the allegations do not implicate F.R.C.P. 19 as to their joinder. *See Hood ex rel. Mississippi v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009) (noting that "the party advocating joinder has the initial burden of demonstrating that a missing party is necessary"). Any request for joinder of these individuals as parties to this suit is **DENIED**.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 19)** filed by Defendants is **GRANTED**. All federal claims against all state defendants are **DISMISSED WITH PREJUDICE**. All state law claims are **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. 1367(c)(3).

January 30, 2015

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

6