UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SANDEAR MCFARLAND                                       CIVIL ACTION

VERSUS                                                  NO: 14-407

OFFICE OF RISK MANAGEMENT, et al.                       SECTION: "A" (4)

**ORDER & REASONS**

Before the Court is a **Motion to Re-Open Civil Action (Rec. Doc. 103)**, filed by Plaintiff Sandear McFarland ("McFarland"). The motion, noticed for submission on April 2, 2025, is before the Court on the briefs without oral argument. For the following reasons, the motion is denied.

**I.  Background**

On March 1, 2017, this Court rendered a default judgment against Defendants Earin Bridges and Bridges Builders Construction and Shoring, LLC.[1] In doing so, Defendants were ordered to pay McFarland $78,275.00 in compensatory damages.[2] The Court further ordered attorney's fees in the amount of 25% of the judgment to McFarland's attorney, Deidre Peterson.[3] After rendering judgment, the matter was administratively closed.

On March 20, 2025, McFarland filed the present motion to reopen the case "in attempt to execute judgment rendered on March 1, 2017," on the basis that "Defendants have failed to comply with the order issued by the court or [have] not made payment towards judgment due [to] Plaintiff."[4] Citing 18 U.S.C. § 401 and Federal Rule of Civil Procedure 70, he asks the Court to: (i) reopen the case, conduct a status conference, and order Defendants' attendance; and (ii) hold

---

[1] Rec. Doc. 85.

[2] *Id.* The judgment is itemized as follows: $48,275.00 in general damages; $10,000.00 based on an improver lien, and $20,000.00 based on inconvenience. *Id.*

[3] *Id.*

[4] Rec. Doc. 103, at 1.

Defendants "in civil, constructive, and indirect contempt of court for failing to make payments as ordered."[5]

## II. Law and Analysis

Federal Rule of Civil Procedure 70 provides that a district court may order a specific act to be done where "a judgment require[d] a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fail[ed] to comply within the time specified." Fed. R. Civ. P. 70(a). In the present case, however, the default judgment rendered against Defendants is properly classified as a money judgment. *See, e.g.*, *Vaccarella v. Vaccarella*, 2021-0115 (La.App. 4 Cir. 11/17/21), 331 So.3d 1006, 1009 ("A money judgment is one which orders the payment of a sum of money and which may be executed under a writ of *fieri facias*.") (quoting *Succession of Moody*, 306 So.2d 869 (La. App. 1 Cir. 1974)). Accordingly, Rule 69 governs how the district court enforces the judgment. It provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution— must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1).

Thus, Rule 69 establishes two relevant principles: "(1) that the usual recourse is a writ of execution" and "(2) that the writ [and supplementary proceedings] will be enforced **using the local**

---

[5] *Id.* at 1–2. For the reasons stated *infra*, the Court declines to exercise its sanctioning power under 18 U.S.C. § 401.
> The inherent sanctioning power is "based on the need to control court proceeding[s] and [the] necessity of protecting the exercise of judicial authority in connection with those proceedings." Therefore, the district court's inherent power "is not a broad reservoir of power, ready at an imperial hand, but a limited source; an implied power squeezed from the need to make the court function." The district court's inherent power "must be exercised with restraint and discretion," and "may be exercised only if essential to preserve the authority of the court."

*In re Fema Trailer Formaldehyde Prods. Liab.*, 401 F. App'x 877, 882–83 (5th Cir. 2010) (internal citations omitted).

*state practices* for executing judgments." 2 Steven S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary Rule 69 (2024) (emphasis added); *see Hewlett-Packard Co. v. Quanta Storage, Inc.*, 961 F.3d 731, 735 (5th Cir. 2020) ("The federal rules provide judgment creditors the enforcement tools available under the law of the state in which the court is located.").

Under Louisiana law, money judgments are enforced "by a writ of fieri facias directing the seizure and sale of property of the judgment debtor," La.Code Civ.P. arts. 2291 *et seq.*, or by garnishment of a third person of "the property he has in his possession or under his control [including wages] belonging to the judgment debtor," *id.* arts. 2411 *et seq.*, with the proceeds of such enforcement action to pay off judgment creditors. McFarland's motion does not request garnishment or issuance of a writ of *fieri facias*, but even if it did, the request should be made to the Clerk of Court, not this Court.[6]

Accordingly;

**IT IS ORDERED** that the **Motion to Re-Open Civil Action (Rec. Doc. 103)**, filed by Plaintiff Sandear McFarland is **DENIED**.

April 15, 2025

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[6] In the Eastern District of Louisiana, the requirements for issuing a writ of *fieri facias* are as follows:
  (i) a final judgment must be entered;
  (ii) a written request to issue the writ must be made by counsel to the Clerk of Court;
  (iii) counsel must prepare the writ of *fieri facias* in accordance with the practice and procedures of the State of Louisiana and the writ must be worded accordingly;
  (iv) a Notice of Seizure—directed to a person or company that may have any monies, rights, credits or property belonging to the party of whom a judgment has been entered against—must be prepared by counsel, and the notice must be signed and processed by the U.S. Marshals Service; and
  (v) a U.S. Marshal 285 form must be completed by (and provided to the Clerk of Court by) counsel for each person to be served.